RECEIVED
IN ALEXANDRIA, LA
JAN 30 2009
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| CLINTON MATTHEW CORBEIL | DOCKET NO. 08-CV-1072; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| GARY MOORE, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

Before the court is a civil rights complaint filed *pro se* and *in forma pauperis,* and pursuant to 42 U.S.C. §1983, on August 12, 2008. Plaintiff Clinton Matthew Corbeil is presently in the custody of the Federal Bureau of Prisons (BOP), confined at the United States Penitentiary in Pollock, Louisiana. However, he alleges that a violation of his constitutional rights occurred while he was incarcerated at the Rapides Parish Correctional Center (RPCC). He names Warden Gary Moore, Deputy Glaubit, and Isaiah Horton as defendants. He seeks injunctive relief and monetary damages.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

### FACTS

Plaintiff states that he is Jewish and requires a kosher diet. He alleges that he advised the booking officer at RPCC on April 15, 2008, that he needed kosher food. Plaintiff alleges that he was served non-kosher food from April 15, 2008 through July 15, 2008.

During that time, he made six requests for kosher food to the warden, all of which were denied. So, from July 15, 2008 through July 21, 2008, he went on a "hunger strike." At the time of filing his complaint on August 12, 2008, Plaintiff was still being denied kosher food. He states that Defendants Glaubit and Horton refused to provide him with a kosher diet, as well. He is asking for ten dollars per day for each day that he did not receive kosher meals at RPCC as well as injunctive relief.

Plaintiff also claims that Defendants refused to provide him with an inmate grievance.

## LAW AND ANALYSIS

1. Frivolity Review

Plaintiff has been granted leave to proceed in forma pauperis under 28 U.S.C.§ 1915. Under 28 U.S.C. § 1915(e)(2)(B) and §1915A(b)(1), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted. See also Bradley v. Puckett, 157 F.3d 1022, 1025 (5th Cir. 1998). A complaint is frivolous if it lacks an arguable basis in law or fact. Gonzalez v Wyatt, 157 F.3d 1016, 1019 (5th Cir. 1998) citing Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. Doe v.

Dallas Independent School District, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to states a claim upon which relief may be granted, the court must accept the plaintiff's allegations as true. See Horton v. Cockrell, 70 F.3d 397, 400 (5th Cir. 1996)(frivolity); Bradley, 157 F.3d at 1025 (failure to state a claim).

While short on detail, the court is convinced that Plaintiff has presented the best case that could be presented by him under these circumstances, and that further amendment of the pleadings would serve no useful purpose. Accepting all of Plaintiff's allegations as true, and giving him the benefit of every doubt, the court concludes, for the reasons stated hereinafter, that Plaintiff's complaint should be dismissed with prejudice.

2. Right to Free Exercise of Religion

   A. Injunctive Relief

Plaintiff is no longer incarcerated at the RPCC. His transfer to the United States Penitentiary - Pollock renders his claim for prospective injunctive relief against the defendants moot. See Herman v. Holiday, 238 F.3d 660, 665 (5th Cir. 2001) (inmate's transfer from the ECDC to the Dixon Correctional Institute rendered his claim for declaratory and injunctive relief moot); Cooper v. Sheriff, Lubbock County, Tex., 929 F.2d 1078, 1084 (5th Cir. 1991) (inmate's transfer to another prison rendered moot his claims for equitable relief in connection with allegedly unconstitutional

deprivation of food at former prison); Beck v. Lynaugh, 842 F.2d 759, 762 (5th Cir. 1988) (prisoners who were no longer in Retrieve Unit could not seek injunctive relief against conditions of confinement there). Any suggestion of relief based on the possibility of Plaintiff's transfer back to the RPCC is too speculative to warrant relief. See Herman, 238 F.3d at 665. Therefore, Plaintiff's request for injunctive relief against the defendants at RPCC should be dismissed as moot.

B. Monetary Relief

Inmates such as plaintiff retain the protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion. Nevertheless, lawful incarceration, by its very nature, brings about the necessary withdrawal or limitation of many privileges and rights. The limitations on the exercise of constitutional rights arise both from the fact of incarceration and from valid penological objectives. See O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987). Dietary issues are clearly related to legitimate penological interests in providing proper nutritious meals to all the prisoners without undue cost. Baranowski v. Hart, 486 F.3d 112 (5th Cir. 2007) (holding that prison officials' failure to provide kosher meals did not violate inmates' free exercise rights). Plaintiff claims that his right to freely exercise his religion has been impaired only to the extent that RPCC did not provide him with

4

kosher meals. He does not allege that he had no alternative means of practicing his religion. See Turner v. Safley, 482 U.S. 78 (1987). Also, Plaintiff is not claiming that he has been deprived all means of religious expression. See O'Lone v. Estate of Shabazz, 483 U.S. 342 (1987). Finally, the Fifth Circuit has ruled that prisons need not respond to particularized religious dietary requests in order to comply with the First Amendment. See id.; Kahey v. Jones, 836 F.2d 948 (5th Cir. 1988); Udey v. Kastner, 805 F.2d 1218 (5th Cir. 1986).

## CONCLUSION

For the forgoing reasons, Plaintiff's dietary complaints are frivolous under established Fifth Circuit and Supreme Court jurisprudence.

Accordingly, **IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this

Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED at Alexandria, Louisiana, this 29th day of January, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE